# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| REBECCA ZANDER, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 2:14-CV-400-PRC |
| | ) | |
| SAMUEL ORLICH, JR. and JOHN | ) | |
| BUNCICH, | ) | |
|     Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court on a Plaintiff's Motion for Entry of Final Judgment or Certification for Interlocutory Appeal [DE 78], filed by Plaintiff Rebecca Zander on June 13, 2017. At a hearing on June 28, 2017, Defendant Samuel Orlich Jr. indicated that he does not oppose the Motion. Defendant John Buncich has not responded to the Motion, and the time in which to do so has passed.

In the Motion, Zander asks the Court to either enter final judgment in favor of Buncich or to certify for interlocutory appeal the Court's June 6, 2017 Opinion and Order granting summary judgment in favor of Buncich. This request is made so that Zander can appeal that Opinion and Order. Zander also requests that the Court stay this action until the Seventh Circuit Court of Appeals resolves her appeal. The Court will address the request for entry of final judgment first.

Under Federal Rule of Civil Procedure 54, "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). If final judgment is not entered pursuant to 54(b), than the action is not ended as to any claim or party until the action is ended as to all claims and parties. *Id.*

Zander points the Court to Rule 54(b), but she provides no argument as to why there is no just reason for delay in entering final judgment in Buncich's favor. Zander's claims against Buncich are claims of liability under *respondeat superior* and of negligent hiring, training, and retention. In *Doe v. City of Chicago*, 360 F.3d 667 (7th Cir. 2004), the plaintiff brought *respondeat superior* claims against the defendant. In that case, the Seventh Circuit Court of Appeals stated that "[t]he district judge jumped the gun when she entered a final, appealable judgment on Doe's claim against the City. We have warned repeatedly against trying to resolve indemnity before liability." *Id.* at 672-73 (citing *Lear Corp. v. Johnson Electric Holdings Ltd.*, 353 F.3d 580, 583 (7th Cir. 2003); *Nationwide Ins. v. Zavalis*, 52 F.3d 689, 693 (7th Cir. 1995); *Grinnell Mutual Reinsurance Co. v. Reinke*, 43 F.3d 1152, 1154 (7th Cir. 1995); *Travelers Ins. Cos. v. Penda Corp.*, 974 F.2d 823, 833–34 (7th Cir.1992)). The Seventh Circuit Court of Appeals found that the trial court judge erred in entering judgment as to the defendant. *Id.* at 673. In the instant case, it has not yet been determined whether Orlich committed torts against Zander. If Orlich committed no torts, then Buncich is not liable under a theory of *respondeat superior* or of negligent hiring, training, or supervision. *See Barnett v. Clark*, 889 N.E.2d 281, 283 (Ind. 2008); *Hudgins v. Bemish*, 64 N.E.3d 923, 933 (Ind. Ct. App. 2016). Bearing in mind the Seventh Circuit Court of Appeals' instruction to not attempt to resolve indemnity before liability, there is a just reason to delay entry of final judgment, and the Court denies the request to enter final judgment as to Buncich.

Zander also asks that the Court certify the Opinion and Order for interlocutory appeal. Pursuant to 28 U.S.C. § 1292(b),

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate

termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order.

28 U.S.C. § 1292(b). Thus, "[t]here are four statutory criteria for the grant of a section 1292(b) petition to guide the district court: there must be a question of *law*, it must be *controlling*, it must be *contestable*, and its resolution must promise to *speed up* the litigation." *Ahrenholz v. Bd. of Trs. of the Univ. of Ill.*, 219 F.3d 674, 675 (7th Cir. 2000) (emphasis in original). The request for certification for interlocutory appeal must also be filed within a reasonable time. *Id.* at 676. "Unless *all* these criteria are satisfied, the district court may not and should not certify its order to [the court of appeals] for an immediate appeal under section 1292(b)." *Id.* (emphasis in original).

> Zander requests that the following questions be certified for interlocutory appeal:
>
> Whether there can be respondeat superior liability for Buncich in the State of Indiana for a sexual assault of a member of the public by one of his officers who was on duty?
>
> Whether there can be respondeat superior liability for Buncich in this case for negligent hiring, training and retention of Orlich?[1]

(Mot. at 3, 5).

As discussed above, for Buncich to be found liable on either claim, it must first be determined that Orlich committed torts against Zander. This case is scheduled for jury trial on July 31, 2017—less than two months after the filing of the instant motion. If, at that trial, the jury finds that Orlich committed no torts, then Zander's questions will be immaterial as to the resolution of the claims against Buncich. The Court bears in mind the repeated warnings given by the Seventh Circuit

---

[1]The reference to "respondeat superior liability" in this question appears to be a scrivener's error, as Zander acknowledges in the same paragraph as the statement of the question that "[n]egligent retention and supervision is a distinct tort from *respondeat superior*." (Mot. at 5).

3

Court of Appeals to resolve liability before indemnity. *See Doe v. City of Chi.*, 360 F.3d at 672-73. To certify the Court's Opinion and Order now and grant Zander's requested stay of this case pending resolution of the matter on appeal does not promise to speed up the litigation. Accordingly, the standard for certifying for interlocutory appeal as provided in 28 U.S.C. § 1292(b) is not met.

Therefore, the Court hereby **DENIES** the Plaintiff's Motion for Entry of Final Judgment or Certification for Interlocutory Appeal [DE 78].

So ORDERED this 10th day of July, 2017.

s/ Paul R. Cherry  
MAGISTRATE JUDGE PAUL R. CHERRY  
UNITED STATES DISTRICT COURT