UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| REBECCA ZANDER, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | Cause No. 2:14-CV-400-PRC |
| SAMUEL ORLICH, JR., | ) ) | |
| Defendant | ) ) | |

**OPINION AND ORDER**

This matter is before the Court on the Motion In Limine [DE 91] filed with the Court June 26, 2017, by Plaintiff Rebecca Zander, by counsel, and the Motion In Limine [DE 92] filed with the Court June 27, 2017, by Defendant Samuel Orlich, Jr., by counsel. The Court has also considered the Defendant's Response to Plaintiff's Motion In Limine [DE 98] filed July 7, 2017. No replies were permitted.

In determination of these issues the Court **FINDS**, **ORDERS**, **ADJUDGES**, and **DECREES**:

Federal Rule of Evidence 104 provides, in part: "Preliminary questions concerning . . . admissibility of evidence shall be determined by the Court." Motions in Limine to exclude evidence prior to trial are subject to a rigorous standard of review. Courts may bar evidence in limine "only when evidence is clearly inadmissible on all potential grounds." *Dartey v. Ford Motor Co.,* 104 F. Supp. 2d 1017, 1020 (N.D. Ind. 2000) (quoting *Hawthorne Partners v. AT&T Tech.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993)). If evidence does not meet this standard, "the evidentiary rulings should be deferred until trial so that questions of foundation, relevance and potential prejudice may

be resolved in proper context." *Id.* (quoting *Hawthorne*, 831 F. Supp. at 1400).

A court's rulings in limine are preliminary in nature and subject to change. In this Order the Court is not making final determination on the admissibility of any evidence. The Court reserves the right to change these rulings during the trial should the Court find that the evidence or arguments at trial justify such change.

**PLAINTIFF'S MOTION IN LIMINE**

| | |
|---|---|
| 1.a. | Evidence or argument regarding settlement discussions or attempts. |
| RULING: | The Plaintiff's Motion In Limine is **GRANTED** in this regard. Defendant Orlich has no objection. |
| | |
| 1.b. | Evidence or argument about "bad acts" by Plaintiff Zander.. |
| RULING: | The Plaintiff's Motion In Limine is **PARTIALLY GRANTED** and **PARTIALLY DENIED.** It is granted as to the broad category of "bad acts" in general. It is denied to the extent of Plaintiff Zander's reputation for having a character for truthfulness or untruthfulness (F.R.E. 608 (a) and (b)). It is denied to the extent Plaintiff Zander may, during presentation of her witnesses and evidence, "open the door" to the issue. |
| | |
| 1.c. | Evidence or argument that Plaintiff Zander's counsel is attempting trickery or the like. |
| RULING: | The Plaintiff's Motion In Limine is **GRANTED** in this regard. Defendant Orlich has no objection. |

1.d.        Evidence or argument about Plaintiff Zander's attorney contract, relationship, or fee arrangement.

RULING:     The Plaintiff's Motion In Limine is **GRANTED** in this regard. Defendant Orlich has no objection.

1.e.        Evidence or argument about Plaintiff Zander's income tax consequences should she be awarded a verdict by the jury.

RULING:     The Plaintiff's Motion In Limine is **GRANTED** in this regard. Defendant Orlich has no objection.

1.f.        Evidence or argument about Plaintiff Zander's investment opportunities for money possibly awarded by the jury.

RULING:     The Plaintiff's Motion In Limine is **GRANTED** in this regard. Defendant Orlich has no objection.

1.g.        Evidence or argument about Defendant Orlich's ability or inability to pay a judgment and liability insurance matters regarding him.

RULING:     The Plaintiff's Motion In Limine is **GRANTED** in this regard. Defendant Orlich has no objection.

1.h. Evidence or argument that Plaintiff Zander and her attorney are asking for a greater amount of money then they expect to be awarded by the jury.

RULING: The Plaintiff's Motion In Limine is **DENIED** in this regard.

1.i. Evidence or argument that Plaintiff Zander is trying to win a lottery or is pursuing a get rich quick scheme or the like and / or that she filed for bankruptcy court relief.

RULING: The Plaintiff's Motion In Limine is **GRANTED** as to the sole fact that Plaintiff Zander filed for bankruptcy court relief; it is **DENIED** as to evidence she may have been untruthful, dishonest, or not appropriately forthcoming with information in her bankruptcy paperwork or proceeding; also, it is **DENIED** as to argument in the nature of statements like she may be trying to win a lottery or is pursuing a get rich quick scheme.

1.j. Evidence or argument that Plaintiff Zander must prove a specific dollar amount for non-economic damages.

RULING: The Plaintiff's Motion In Limine is **GRANTED** in this regard.

1.k. Evidence or arguments referring to failure by Plaintiff Zander to call some or all witnesses to testify that she may have called.

RULING: The Plaintiff's Motion In Limine is **DENIED** in this regard. Of course, either side may tell the jury that all potential witnesses are equally available for either party to subpoena to testify at trial.

| | |
|---|---|
| 1.l. | Evidence or argument about the date Plaintiff Zander filed her Complaint. |
| RULING: | The Plaintiff's Motion In Limine is **DENIED** in this regard. |
| 1.m. | Evidence or argument that Plaintiff Zander attempted to limit evidence by filing her Motion In Limine. |
| RULING: | The Plaintiff's Motion In Limine is **GRANTED** in this regard. Defendant Orlich has no objection. |
| 1.n. | Evidence or argument that Defendant Orlich has done specific good acts in an attempt to bolster his general character or reputation. |
| RULING: | The Plaintiff's Motion In Limine is generally **GRANTED** in this regard; however, should Plaintiff Zander open the door to the general character or general reputation of Defendant Orlich then he may, within the court's discretion, present evidence and argument showing specific good acts by him. |
| 1.o. | Evidence or argument by Defendant Orlich or his counsel that he is shocked (or the like) by the amount of damages being requested by Plaintiff Zander and her counsel. |
| RULING: | The Plaintiff's Motion In Limine is **DENIED** in this regard. |
| 1.p. | Evidence or argument about the personal beliefs of Defendant Orlich or his counsel about the credibility of any witnesses or the credibility of Plaintiff Zander's claims. |
| RULING: | The Plaintiff's Motion In Limine is **DENIED** in this regard. |

**DEFENDANT'S MOTIONS IN LIMINE**

1. Evidence or argument regarding settlement discussions or attempts.

RULING: The Defendant's Motion In Limine is **GRANTED** in this regard. Plaintiff Zander has no objection.

2. Evidence or argument insurance coverage that may or may not be available to pay a judgment in this case.

RULING: The Defendant's Motion In Limine is **GRANTED** in this regard. Plaintiff Zander has no objection.

3. Evidence or argument about Defendant Orlich's general financial condition or his ability or inability to pay a judgment in this case.

RULING: The Defendant's Motion In Limine is **GRANTED** in this regard. Plaintiff Zander has no objection.

Wherefore, the Plaintiff Zander's Motion In Limine [DE 91] is **GRANTED** in part and **DENIED** in part. The Defendant Orlich's Motion In Limine [DE 92] is **GRANTED**.

So ORDERED this 12th day of July, 2017.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT