# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| REBECCA ZANDER, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 2:14-CV-400-PRC |
| ) | |
| SAMUEL ORLICH, JR., ) | |
|     Defendant. ) | |

## OPINION AND ORDER

This matter is before the Court on a Motion for Order Awarding Attorney Fees and Costs [DE 127], filed by Plaintiff Rebecca Zander on August 16, 2017. Defendant Samuel Orlich, Jr. filed a response on September 18, 2017. Plaintiff has not filed a reply, and her deadline by which to do so has passed. For the reasons stated below, the Court grants the motion.

Plaintiff's claims against Defendant of battery, false imprisonment, and violation of federal civil rights proceeded to jury trial, with the undersigned magistrate judge presiding by consent of the parties pursuant to 28 U.S.C. § 636(c). The jury returned verdicts in favor of Plaintiff on all claims and awarded compensatory and punitive damages. Plaintiff now requests $78,962.50 in attorney fees and $18,305.30 in costs pursuant to 42 U.S.C. § 1988.

42 U.S.C. § 1988 provides that "[i]n any action or proceeding to enforce . . . [42 U.S.C. §1983] . . . the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." "A plaintiff may be awarded attorney's fees as a prevailing party if [she] succeeds on 'any significant issue in litigation which achieves some of the benefit [she] sought in bringing suit.'" *Bisciglia v. Kenosha Unified Sch. Dist. No. 1*, 45 F.3d 223, 227 (7th Cir. 1995) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). Attorney's fees are awarded to prevailing

plaintiffs "almost as a matter of course." *Id.*; *accord Khan v. Galitano*, 180 F.3d 829, 837 (7th Cir. 1999); *Simpson v. Sheahan*, 104 F.3d 998, 1001 (7th Cir. 1997).

Defendant does not argue that an award of fees is inappropriate. Therefore, the Court will award fees. Defendant does argue, however, that the amount of fees awarded should be reduced from the amount that Plaintiff requests. The Court will address Defendant's arguments in turn.

First, Defendant asserts that the Court may consider his inability to pay when determining the amount of attorneys fees to award. In support, Defendant cites *Alizadeh v. Safeway Stores*, 910 F.2d 234, 238 (5th Cir. 1990). Contrary to the rule in the Fifth Circuit, the Seventh Circuit Court of Appeals has determined that, under § 1988, "[t]he defendant's perceived ability to pay an attorney's fee award is not relevant to the determination of a reasonable fee."[1] *Simpson*, 104 F.3d at 1003; *cf. Entm't Concepts, Inc., v. Maciejewski*, 631 F.2d 497, 507 (7th Cir. 1980) ("[A]bility to pay is not a 'special circumstance' that will bar an award of attorneys fees to a successful plaintiff."); *Jefferson v. Ingersoll*, Nos. 99 C 50362, 98 C 50042, 2002 WL 31598990, at *1 (N.D. Ill. Nov. 19, 2002). Thus, Defendant's argument to reduce the amount of fees on this basis is unsuccessful, as it is contrary to legal precedent in this circuit.

Next, Defendant argues that Plaintiff should have submitted a copy of the fee agreement between Plaintiff and her counsel and that the maximum fee allowable by the agreement should be the maximum fee awarded under § 1988. Once again, Defendant cites to out-of-circuit jurisprudence in support: *Cooper v. Singer*, 689 F.2d 929, 932 (10th Cir. 1982). Not only did the Seventh Circuit Court of Appeals hold that "a contingent fee contract should not serve 'as an automatic ceiling on

---

[1]When awarding fees to a prevailing *defendant*, however, the Seventh Circuit Court of Appeals has instructed courts to consider the *plaintiff's* ability to pay. *Munson v. Friske*, 754 F.2d 683, 697 (7th Cir. 1985) ("When a court determines that a plaintiff can afford to pay the award, the congressional goal of discouraging frivolous litigation demands that the full fees be levied.").

the amount of a statutory award,'" explicitly disagreeing with *Cooper* in *Lenard v. Argento*, 699 F.2d 874, 900 & n.22 (7th Cir. 1983) (quoting *Sanchez v. Schwartz*, 688 F.2d 503, 505 (7th Cir. 1982)), but also the Supreme Court held that "a contingent-fee contract does not impose an automatic ceiling on an award of attorney's fees," *Blanchard v. Bergeron*, 489 U.S. 87, 93 (1989). Thus, Defendant's argument is based on an inaccurate statement of the law.

Defendant neither argues that Plaintiff's counsel's requested hourly fee—$350 per hour for attorney work and $100 per hour for paralegal work—is unreasonable nor argues that the number of hours of work spent on this litigation is unreasonable. Plaintiff has provided affidavits from her counsel and paralegal and itemizations of time spent and costs incurred. A contingency fee agreement, if any exists, is not necessary to determine the reasonable fee award in this matter. The argument based on *Cooper* fails.

The Court finds the Plaintiff's counsel's hourly rates and the number of hours spent litigating this matter to be reasonable and awards fees and costs in the amount requested.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** the Motion for Order Awarding Attorney Fees and Costs [DE 127] and **AWARDS** in favor of Plaintiff Rebecca Zander against Defendant Samuel Orlich, Jr. $78,962.50 in attorney fees and $18,305.30 in costs.

So ORDERED this 6th day of December, 2017.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT